**Gross v. City of Pittsburgh**

C.P. of Allegheny County, no. GD90-2794.

*Maurice A. Nernberg Jr.,* for plaintiff.
*George R. Specter* and *Bernard D. Marcus,* for defendant.

STRASSBURGER, *J.,* August 14, 2000—This eminent domain case was tried before a jury which returned a verdict in favor of plaintiffs, Sol Gross, trustee for Panther Hollow Corporation and Panther Hollow Corporation, and against defendant City of Pittsburgh, in the amount of $6.5 million. Both plaintiffs and defendant filed motions for post-trial relief. I denied plaintiffs' post-trial motion and partially granted defendant's post-trial motion, ordering a new trial because the jury verdict was

excessive. On appeal to the Pennsylvania Commonwealth Court, my order was reversed and the case was remanded with directions to include in the judgment amounts for reimbursement of mortgage interest and insurance premiums paid by plaintiffs after the date of the taking.

On remand, the parties engaged in discussions aimed at determining the total amount of the judgment to be entered. On June 27, 2000, a judgment was entered in favor of plaintiffs in the amount of $11.88 million which the parties agreed constituted the total damages after I ruled that the $2 million paid as estimated just compensation on March 5, 1997 could not be applied to the delay damages portion of the award. Plaintiffs have now appealed my order rejecting the proposal to apply the $2 million payment to the delay damages portion of the total award.

Plaintiffs proposed a theory that defendant's March 5, 1997 payment of $2 million estimated just compensation should be applied to the delay damages portion of the award before applying it to the just compensation portion of the award. This theory rests upon an analogy to a typical commercial debt scenario where partial payments are applied to the interest portion of the debt first. Under plaintiffs' proposal, an additional $361,181.93 would be included in the total award.

Plaintiffs' theory is not supported by the law of this Commonwealth. Pursuant to 26 Pa.C.S. §1-407, the City of Pittsburgh paid $2 million as *estimated just compensation.* Section 1-407 provides that payments of estimated just compensation "shall be considered *only* as payments pro tanto of the just compensation as finally determined." 26 Pa.C.S. §1-407(c). (emphasis added) Thus, the stat-

ute prohibits the payment of estimated just compensation to be applied to anything except the portion of the ultimate award that reflects just compensation.

Furthermore, by the proposal that the $2 million estimated just compensation payment should be applied first to the delay damages portion of the award, plaintiffs are seeking to collect interest (*i.e.:* delay damages) on the delay damages portion of award. This issue is governed by *Hughes v. PennDOT,* 514 Pa. 300, 523 A.2d 747 (1987). In *Hughes,* the Pennsylvania Supreme Court determined that through 26 Pa.C.S. §1-611 our General Assembly has established a policy "against imposing double interest on an award." *Hughes,* 514 Pa. at 312, 523 A.2d at 753. The court noted that the comment to section 1-611 provides that the section "was not intended 'to have interest being paid on delay compensation.' " *Id.* at 312 n.12, 523 A.2d at 753 n.12 (quoting 26 Pa.C.S. §1-611 (comment)). Therefore, applying the $2 million estimated just compensation payment to the delay damages portion of the award would be contrary to our Commonwealth's policy against awarding interest on delay damages.

In light of the policies of this Commonwealth, as found in the relevant statutes, statutory comments and case law, plaintiffs' analogy to the typical commercial debt scenario must fail. Thus, I rejected plaintiffs' proposal to apply the $2 million estimated just compensation payment to the delay damages portion of the award. Consequently, I ordered defendant to pay plaintiffs $11.88 million which constitutes the balance due on the award after crediting defendant with the $2 million paid to plaintiffs on March 5, 1997.