828 A.2d 1007

Sol GROSS, Trustee for Panther Hollow Corporation, and Panther Hollow Corporation, Appellants,

v.

CITY OF PITTSBURGH, Appellee.

Supreme Court of Pennsylvania.

Argued March 4, 2003.

Decided July 21, 2003.

2

Maurice A. Nernberg, Pittsburgh, for Sol Gross, Trustee for Panther Hollow Corporation and Panther Hollow Corporation.

George R. Specter, Bernard D. Marcus, Jacqueline R. Morrow, Pittsburgh, for City of Pittsburgh.

Before CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## ORDER

PER CURIAM.

**AND NOW,** this 21st day of July, 2003 the order of the Commonwealth Court is hereby affirmed.

Chief Justice CAPPY did not participate in the consideration or decision of this case.

Justice LAMB files a concurring statement.

Justice LAMB, concurring.

While I concur, I write separately to emphasize the following.

Pursuant to an Agreement of Sale dated July 21, 1988, Panther Hollow Corporation (Panther Hollow) purchased from CSX Corporation on February 3, 1989 for about $1.34 million about twenty-eight acres of land on Boundary Avenue in the Fourth and Fourteenth Wards of the City of Pittsburgh. In July 1989, Panther Hollow was issued permits by the city to develop the property. Four months after their issuance, the city revoked the permits. When Panther Hollow was successful in obtaining an order of the Court of Common Pleas of Allegheny County requiring reinstatement of the permits, the city responded, on December 1, 1989, by placing, without any notice to or consent by Panther Hollow, concrete "Jersey

Barriers"[1] on the periphery of the property to prevent all access thereto. Panther Hollow then filed suit in the United States District Court for the Western District of Pennsylvania charging that the city's conduct had deprived the landowner of its protected civil rights. The case was tried before a jury in February, 1996 and the jury awarded Panther Hollow damages in the amount of $565,824.00 based, primarily, on expert evidence adduced by the city that the fair market value of the property without the development permits was about $2.0 million; about $500,000.00 less than the fair market value of the property with the permits to develop.

Panther Hollow then returned to the Court of Common Pleas of Allegheny County, which, on May 15, 1996, ordered the city to tender $2.0 million in estimated just compensation. The city appealed to the Commonwealth Court, which affirmed the trial court's ruling that the city was bound by the appraisal evidence its experts had adduced in federal court. The city's position is described by the intermediate appellate court as an abuse of the judicial process, changing positions as the moment requires, and playing "fast and loose" with the courts by switching legal positions to suit the litigant's own ends. The city's request for reargument was denied.

The matter then proceeded to a jury of view and to trial before the court of common pleas where, on January 26, 1998, a jury returned a verdict in favor of Panther Hollow in the amount of $6.5 million. On the city's post-trial motion, the trial court set aside the jury's verdict and ordered a new trial but the Commonwealth Court, by order entered on October 19, 1999, reversed and reinstated the verdict. *Gross v. City of Pittsburgh*, 741 A.2d 234 (Pa.Cmwlth.1999). The city's request for reargument before the Commonwealth Court was denied by order dated December 27, 1999. This Court denied the city's petition for allowance of appeal. *Panther Hollow Corp. v. City of Pittsburgh*, 563 Pa. 632, 758 A.2d 664 (2000).

1. New Jersey Concrete Safety Shape Barrier is a tapered concrete barrier developed by the New Jersey Highway Department in the 1960's and now used nationwide in narrow highway medians to prevent vehicle crossovers into oncoming traffic.

On remand to the trial court, judgment was entered in favor of Panther Hollow on June 27, 2000 in the amount of $11.88 million including just compensation of $6.5 million, delay damages, attorneys' fees, and costs. See *Gross v. City of Pittsburgh*, 58 Pa. D. & C.4th 445 (2000).

In this appeal, Panther Hollow quibbles with the trial court's calculation of delay damages[2], arguing that the $2.0 million in estimated just compensation paid by the city as it was ordered to do on March 5, 1997 should have reduced the delay damages as they had accrued to that date instead of, as the trial court applied the payment, reducing the $6.5 million just compensation as it was finally determined. There can be no doubt that this issue was waived by Panther Hollow since the precise method of accounting for the March 5, 1997 payment adopted by the trial Court was proposed by Panther Hollow. Accordingly, I join in affirming the order of the Commonwealth Court.

I write separately to emphasize that this property owner was subjected to inexcusable governmental overreaching from the revocation of its permits in November 1989 and the erection of Jersey Barriers the next month through more than a decade of subsequent litigation in the state and federal trial and appellate courts. The end result of this overreaching; beyond the judicial resources thereby consumed, is a private debt that must be borne by the citizens in an amount increased by these efforts of the city from $1.34 million in February 1989 to more than $11.88 million today.

As Mr. Justice Musmanno wrote in *Winger v. Aires*, 371 Pa. 242, 89 A.2d 521, 522 (1952), "[t]he power of eminent domain, next to that of conscription of manpower for war, is the most awesome grant of power under the law of the land." The taking by local government of the property of its citizens, whether accomplished by the filing of a declaration or by the erection of Jersey Barriers, is an act of such unusual significance in our polity as to demand the most careful judicial supervision.

---

**2.** The total amount at issue is about $361,000.00 or about three percent of the judgment.